IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DOUGLAS B. LEUSCHEN** )<br>    Plaintiff )<br>)<br>vs. )<br>)<br>**HARRELL WATTS, et al.** )<br>    Defendants. ) | **C.A.No. 06-173 Erie**<br>**District Judge Cohill**<br>**Magistrate Judge Baxter** |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I      RECOMMENDATION**

It is respectfully recommended that the instant civil rights action be dismissed for plaintiff's failure to prosecute.

**II     REPORT**

Plaintiff, formerly an inmate within the state correctional system of Pennsylvania, filed this civil rights action on August 2, 2006. Despite the age of this case, Plaintiff has taken none of the initial steps in order to prosecute this matter.

By Order of this Court dated February 14, 2007, the U.S. Marshal was directed to accomplish service of the amended complaint. By letter dated July 3, 2007, the U.S. Marshal Service informed this Court that Plaintiff had not provided 285 forms in order to serve the case.

By Order dated July 9, 2007, this Court directed Plaintiff to show cause for his failure to serve this case before July 20, 2007. The order warned that failure to comply would result in the dismissal of this action for failure to prosecute. To date, no response has been received.

The United States Court of Appeals for the Third Circuit has set out a six-factor balancing test to guide a court in determining whether dismissal of a case is appropriate. Poulis v. State Farm Fire and Casualty Correctional Officer., 747 F.2d 863 (3d Cir. 1984). The court

1

must consider: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense.  Id. at 868.  Not all of the six factors need to weigh in favor of dismissal before dismissal is warranted.  Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988).

Applying the Poulis factors to the present matter, this Court recommends the dismissal of this matter.  Since the filing of this matter eleven months ago, Plaintiff has taken none of the necessary first steps to prosecute this case.  Further, Plaintiff has ignored orders by this Court.  Plaintiff is proceeding *pro se* and therefore bears all of the responsibility for any failure in the prosecution of his claims.  Alternative sanctions, such as monetary penalties, are inappropriate with indigent parties.  Although Plaintiff's allegations may state a claim upon which relief could be ultimately be granted, the merits of the claim are impossible to determine at this early stage of the proceedings.

**III    CONCLUSION**

For the foregoing reasons, it is respectfully recommended that this case be dismissed due to Plaintiff's failure to prosecute.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4B, the parties are allowed ten (10) days from the date of service to file written objections to this report.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto.  Failure to timely file objections may constitute a waiver of any appellate rights.

S/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
Chief United States Magistrate Judge

Dated: July 24, 2007